Case 06-02226    Filed 01/31/07    Doc 47

FILED

JAN 3 1 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SUZANNE TAYLOR,<br><br>          Debtor.<br>_____ | Case No. 03-23589-C-7 |
| SUZANNE TAYLOR,<br><br>          Plaintiff,<br><br>v.<br><br>EDUCATIONAL CREDIT<br>MANAGEMENT CORPORATION,<br><br>          Defendant.<br>_____ | Adv. Pro. No. 06-2226-C<br><br><br><br><br><br><u>Trial:</u><br>Date:  January 9, 2007<br>Time:  3:30 p.m.<br>Dept:  C |

### MEMORANDUM DECISION

On January 9, 2007, a trial was held in the above-captioned adversary proceeding brought by Suzanne Taylor (the "Debtor") for a judgment declaring her debt to Educational Credit Management Corporation ("ECMC")[1] to be discharged as an undue hardship under 11 U.S.C. § 523(a)(8) and enjoining ECMC from acting against the Debtor to enforce the debt. For the reasons set forth below, judgment will be entered in favor of ECMC.

### I. BACKGROUND

On April 4, 2003, the Debtor filed a voluntary petition for relief under chapter 7, initiating the above-captioned bankruptcy case. Among the claims identified in the F-schedule filed in her case, the Debtor listed one student loan in the amount of $16,000 owed to "CA Education Loan Authority."

---

    1.   ECMC appeared in this proceeding as the real party in interest.  <u>See</u> <u>infra</u> note 2.

On May 12, 2003, the trustee appointed in the Debtor's case filed a Report of No Distribution, which states that no assets were recovered for the benefit of the Debtor's creditors. Accordingly, no notice was issued for creditors to file proofs of claim in the Debtor's case, and on July 14, 2003 the court entered an order granting the Debtor a discharge under 11 U.S.C. § 727. The Debtor's case was subsequently closed.

The Debtor's chapter 7 case was reopened on June 12, 2006, and on June 13, 2006, the Debtor filed the Complaint which initiated the above-captioned adversary proceeding. The Complaint states facts to the effect that "CA Education Loan Authority" had, despite the discharge entered in her bankruptcy case, continued to take actions to enforce the obligation owed by the Debtor. In the Complaint the Debtor requests that the court declare the debt in question to be discharged and that EMC be enjoined from further enforcement.

After an unsuccessful motion for dismissal of the Debtor's Complaint, ECMC appeared in the adversary proceeding on September 11, 2006, by filing an Answer. The Answer includes two affirmative defenses to the Complaint.[2]

On January 9, 2007, the Hon. Christopher M. Klein conducted a continued Pre-Trial Conference in the adversary proceeding, at which ECMC's counsel and the Debtor appeared. At the request of

///

---

2. On Nov. 15, 2006, ECMC also filed a motion (bearing D.C. No. BHS-3) to permit it to substitute into this proceeding as the defendant, based on allegations that "CA Education Loan Authority," to the extent it exists, holds no right, title, or interest in the obligation described in the Complaint. On Dec. 19, 2006, the court granted ECMC's motion, by way of a minute order.

the parties, the court set the matter for trial, to be conducted on January 9, 2007 at 3:30 p.m.

At trial, ECMC without objection moved into the record the documents filed in support of its Motion for Summary Judgment (bearing D.C. No. BHS-4). The court also took testimony from the Debtor along with two exhibits submitted by the Debtor without objection from ECMC. At the conclusion of trial, the matter was submitted.

This court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), in which the court may make its own findings of fact and conclusions of law. This memorandum decision constitutes the court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, as incorporated by Federal Rule of Bankruptcy Procedure 7052.

## II. FACTS

The Debtor is a thirty-four-year-old certified medical assistant and certified nursing assistant. At the time she filed her chapter 7 petition, she was employed by Kaiser Permanente ("Kaiser"), was single, and supported a three-year-old child. On the I-schedule filed in the case, she reported her gross monthly income to be approximately $1,153 per month. On the J-schedule filed in the case, she reported her monthly household expenses to be approximately $3,916 per month.

At the time of trial, the Debtor lived in Vacaville, California, and was working in a medical office. She was earning $13.00 per hour, with approximately 30 hours worked per week, for a gross income of about $390 per week, or $1,690 per month. Until May 2006, she had been employed by Kaiser and earned $20

1  per hour with a forty-hour work-week.  After her bankruptcy
2  petition was filed, the Debtor gave birth to a second child, who
3  at the time of trial was about twenty-three months old.  At the
4  time of trial, both of the Debtor's children were her dependents.
5      At the time of trial, the Debtor's average monthly expenses
6  had increased to approximately $5,104 per month, as stated in an
7  Income and Expense Declaration ("Declaration") filled out by the
8  Debtor and submitted by ECMC at trial.³  Such expenses included
9  monthly payments of $809.99 on a vehicle loan from Triad
10 Financial, secured by a Volvo XC70 motor vehicle, with a gross
11 balance due of approximately $38,000.  The obligation to Triad
12 Financial was incurred after the Debtor filed her chapter 7
13 petition.
14     In the Declaration, the Debtor stated that she also had
15 monthly installment payments to Visa and Western Dental totaling
16 about $134, and that the obligation to Western Dental totaled
17 approximately $3,300.  The Debtor's average monthly expenses
18 included $1,105 for rent, and $550 for groceries and household
19 supplies.  According to the Declaration, the Debtor spent $200
20 per month on restaurant meals, $100 per month for laundry, and
21 $350 per month for clothing.
22     The Debtor's obligation to ECMC as of September 5, 2006, was
23 $15,271.86, with interest accruing at $2.48 per day.  The
24 Debtor's obligation to ECMC was incurred under a loan program
25 funded by a governmental unit.  Under a contingent repayment plan

---

27  3.  The Declaration had been produced by the Debtor during discovery and was submitted without objection as Exhibit "B" to the Declaration of Barry Spitzer in support of ECMC's Motion for Summary Judgment.

available through the U.S. Department of Education, the Debtor's monthly payment on her student loan could be as low as $61.33 at her current adjusted gross income, and the repayment period could be extended to as much as thirty years.

At trial, the Debtor testified that her parents typically pay the monthly payment due to Triad and that they had paid off the obligation to Western Dental. While she did not explain specifically how she meets the balance of monthly expenses that are not covered by her current monthly income, the Debtor testified that when asked, her parents would help her financially.

The Debtor did not testify to any particular circumstances that prevent her from repaying her obligation to ECMC. Instead, she testified that it was her belief that the obligation to ECMC would be discharged notwithstanding the lack of such circumstances. Finally, the Debtor testified that she was currently looking for full-time employment and that when found, she expected it to increase her income.

### III. ANALYSIS

The Ninth Circuit Court of Appeals has adopted the Brunner test to determine whether a student loan should be excepted from the discharge as an undue hardship as set forth in 11 U.S.C. § 523(a)(8).[4] In re Pena, 155 F.3d 1108, 1112 (9th Cir. 1998), citing In re Brunner, 831 F.2d 395 (2d Cir. 1987). Under

---

4. Changes to § 523(a)(8) took effect for cases filed on or after Oct. 17, 2005, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. No. 109-8, 119 Stat. 23 (2005) ("BAPCPA"). Because the Debtor's case was filed on Apr. 4, 2003, the court applies § 523(a)(8) as in effect before BAPCPA became effective.

Brunner, the debtor bears the burden of proving three factors, by a preponderance of the evidence, before the student-loan debt can be included in the general discharge: (1) that she cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loan; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loan; and (3) that the debtor has made a good faith effort to repay the loan. In re Nascimento, 241 B.R. 440, 444-45 (B.A.P. 9th Cir. 1999). In assessing the first factor under Brunner, the court is to inquire whether it would be "unconscionable" to require the Debtor to take steps to earn more income or reduce expenses, so as to be able to meet the student loan obligation. Id. at 445 (citations omitted).

The Debtor has failed to demonstrate by a preponderance of evidence that any of the Brunner factors are satisfied in this case. First, her current standard of living is not minimal. For example, the Debtor did not explain why her monthly expenses for restaurant meals ($200) and clothing ($350) could not be reduced, or why the $810 monthly expense for her vehicle could not be reduced through use of a more economical vehicle. She did not explain, either, why her parents will assist in payment of some of the Debtor's obligations but not the one to ECMC.

Second, the Debtor did not explain any circumstances that would indicate that her current state of economic affairs will persist for any lengthy period of time. To the contrary, the Debtor testified that she is looking for full-time employment and

expects to obtain such employment in the future. The Debtor is currently working, is not disabled, and at thirty-four years of age has a lengthy working future ahead of her, which could well include full-time employment. The court therefore concludes that the Debtor's current state of economic affairs is likely to improve.

Finally, the Debtor did not testify that she has had made any good-faith effort since her bankruptcy was filed to repay the obligation owed to ECMC. She has not attempted, for example, to take advantage of federal programs that would reduce her ongoing monthly student loan obligations or extend the time period for repayment. Instead, she testified merely that she thought that the obligation would be discharged in her chapter 7 proceeding.

### III. CONCLUSION

The Debtor has not demonstrated that her obligation to ECMC should be discharged as an undue hardship. For the reasons set forth above, the court will enter judgment in favor of ECMC.

Dated: Jan. 31, 2007

/s/ Robert Bardwil
ROBERT S. BARDWIL
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document on today's date to each of the parties listed below:

Suzanne Taylor
1101 Farmington Dr., #202
Vacaville, CA 95687

Barry Spitzer
2485 Natomas Park Dr., #340
Sacramento, CA 95833

DATE: January 31, 2007

_Andrea Lovgren_
Deputy Clerk

Case 06-02226    Filed 01/31/07    Doc 47

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Office of the U.S. Trustee
501 I St., #7-500
Sacramento, CA 95814

DATED: 2/1/07     BY: _Wendy Locke_
                      Deputy Clerk

EDC 3-070 (New 4/21/00)